UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:24CV-P52-JHM

**DARRIN WALKER**                                                  **PETITIONER**

**v.**

**INTERNAL REVENUE SERVICE**                            **RESPONDENT**

### MEMORANDUM OPINION

Petitioner Darrin Walker filed a petition for writ of mandamus seeking an order directing the Internal Revenue Service (IRS) to pay him stimulus payments under legislation enacted during the COVID-19 pandemic to which he asserts that he is entitled. This matter is before the Court upon an initial review of the action pursuant to 28 U.S.C. § 1915A. Upon review, the Court will dismiss the action for the reasons stated herein.

### I. SUMMARY OF ALLEGATIONS

Walker is an inmate at the Luther Luckett Correctional Complex. In the petition, he states that he "has never received the stimulus check, which were allotted during the COVID pandemic." (Emphasis by Walker). He maintains, "Per the Coronavirus Aid, Relief, and Economic Security (CARES) Act; the Consolidated Appropriations Act (CAA); and the American Rescue Plan Act (ARPA) I should have received three (3) stimulus checks totaling $3,200." He states that he has made every available attempt at obtaining the stimulus checks. He alleges that the IRS "is an agency of the United States Government, which has a duty owed to Walker." He asks the Court to compel the IRS to forward him the $3,200 stimulus payment. Walker states that he is eligible for the stimulus payments even though he is incarcerated.

Walker also filed a "motion in support of writ of mandamus" (DN 11) in which he states that "many (form letters) were mailed to him from the IRS with <u>no</u> regard; to the actual question of; (why have I not received the stimulus payments?)." (Emphasis by Walker). In addition, he filed a "motion further supporting petition for writ of mandamus" (DN 13) in which he states that he "has on at least twenty (20) occasions sent correspondences requesting his stimulus payments [and] the IRS has <u>never</u> responded with any answer regarding his stimulus payments. " (Emphasis by Walker). He asserts, "The same <u>form letter</u> is sent to Walker, never stating anything about the factual matter (stimulus payment)." (Emphasis by Walker). He also states that "the IRS continues to evade the matter of stimulus payments."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal

conclusions.'" *Id.* (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

Federal courts have jurisdiction to grant mandamus relief "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "Mandamus is a drastic remedy, to be invoked only in extraordinary situations where [a] petitioner can show a clear and indisputable right to the relief sought." *In re Parker*, 49 F.3d 204, 206 (6th Cir. 1995). It is available only if: "(1) the plaintiff has a clear right to relief, (2) the defendant has a clear duty to act, and (3) there is no other adequate remedy available to the plaintiff." *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 491 (6th Cir. 2011). Mandamus is not an appropriate remedy if the action a petitioner seeks to compel is discretionary. *Id.*

Various other district courts have addressed similar petitions filed by inmates seeking to receive stimulus check payments. As another district within the Sixth Circuit explained:

> The portion of the CARES Act relevant to this litigation amended the Internal Revenue Code to provide for Economic Impact Payments ("EIP") to be paid directly to eligible individuals through a "tax credit." The amount of the credit allocated to eligible individuals is limited based on an eligible individual's adjusted gross income ("AGI"), with phase-outs beginning at $75,000 for individual filers and $150,000 for joint filers. 26 U.S.C. § 6428(c). The credit was to be paid in 2021 based on an individual's 2020 income tax return, *see* 26 U.S.C. § 6428(a), or as an "advance refund" to be paid on or before December 31, 2020, based on an individual's 2019 income tax return. *See* 26 U.S.C. § 6428(f). If an eligible individual had not filed a 2019 tax return, that individual would still be eligible to receive an advance refund based on that person's 2018 tax return. 26 U.S.C. § 6428(f)(5)(A). If an individual had not filed either a 2019 or a 2018 tax return,

3

> the IRS could use information provided in Form SSA-1099 or Form RRB-1099, with respect to that individual receiving social security benefits. 26 U.S.C. § 6428(f)(5)(B). The IRS indicated that it would calculate and automatically issue an EIP to eligible individuals.
>
> Persons who did not file a tax return for tax years 2018 or 2019 ("non-filers") could go to a web-based portal the IRS set up for non-filers to provide their information in order to receive the EIP advance refund. Individuals who use the non-filer online portal had until October 15, 2020, to register in order to receive the EIP by the December 31, 2020 deadline imposed by the CARES Act. Eligible individuals who did not receive an advance refund could claim their EIP tax rebates by filing a 2020 tax return in 2021.

*Puckett v. United States Dep't of Treasury IRS*, 1:21 CV 425, 2021 U.S. Dist. LEXIS 115607, at *4-5 (N.D. Ohio June 22, 2021). That court found that the CARES Act imposed a December 31, 2020, deadline for the stimulus check payments to be made or allowed. After that date, the Court found that payments could not be made, and eligible persons seeking credit under the Act could only do so in connection with a 2020 income tax return. Similarly, under the CAA, no refund or credit was to be made after January 15, 2021, 26 U.S.C. § 6428A(f)(3)(A)(i) - (ii), and under the ARPA, no refund or credit was to be made or allowed after December 31, 2021. 26 U.S.C. § 6428B(g)(3). *Doman v. Mnuchin*, No. 1:23-00480, 2023 U.S. Dist. LEXIS 231555, at *5 (S.D. W. Va, Nov. 21, 2023), *report and recommendation adopted*, 2024 U.S. Dist. LEXIS 398 (S.D. W. Va., Jan. 2, 2024)

Because the deadlines for making the stimulus payments set forth in each of the Acts have expired, the IRS "has no duty, and in fact cannot, provide [Walker] the relief he seeks (namely, funds in the form of an EIP or stimulus check) at this time." *Patterson v. IRS/Treasury Dep't*, No. 3:21 CV 1437, 2021 U.S. Dist. LEXIS 222480, at *6 (N.D. Ohio Nov. 18, 2021); *see also Whaley v. Sec'y of the United States Dep't of the Treasury*, No. 4:23-04473-HMH, 2023 U.S. Dist. LEXIS 181975, at *5 (D.S.C. Oct. 10, 2023) ("[T]he express terms of the CARES Act and the CAA prohibit the distribution of funds after December 31, 2020, and January 15, 2021,

respectively. . . . Based on the foregoing, Petitioner cannot satisfy the first two elements for obtaining a writ of mandamus.") (citing *Byers v. Rettig*, No. 1:22-CV-00126-MR, 2022 U.S. Dist. LEXIS 140179, at *10 (W.D.N.C. Aug. 6, 2022)); *Puckett*, 2021 U.S. Dist. LEXIS 115607, at *6 (dismissing action by inmate seeking stimulus payment under the CARES Act finding that the deadline for making payments had expired); *Vaughan v. United States Dep't of Treasury*, No. 21-cv-05674-PJH, 2021 U.S. Dist. LEXIS 145291, at *9 (N.D. Cal. Aug. 3, 2021) ("[T]he CARES Act imposed a deadline of December 31, 2020, for EIPs to be made or allowed. That deadline has passed, and no more funds may be issued. Plaintiff cannot obtain the relief he seeks in this case.").

For these reasons, the Court finds that Walker has failed to establish that he is entitled to the "drastic" remedy of mandamus and that the action must be dismissed for failure to state a claim upon which relief may be granted.

## IV.

Accordingly, the Court will enter a separate Order dismissing the action.

Date: June 17, 2024

*Joseph H. McKinley*
Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.010